Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES O. HUNTER,

    Plaintiff,

v.

MARK CRANTON AND NAPHCARE,

    Defendants.

Civil Action No. 25-13279 (JXN)(JRA)

**OPINION**

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff James O. Hunter's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1), and an application to proceed *in forma pauperis* (ECF No. 4). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I.    BACKGROUND**[1]

Plaintiff, a pretrial detainee confined in Middlesex County Detention Center in North Brunswick, New Jersey, filed a Complaint in this matter (ECF No. 1 at 2-3), which raises claims against Defendants Warden Mark Cranton ("Cranton") and NaphCare, the healthcare provider at

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

Middlesex County Detention Center. (*Id.* at 4.) The Court construes the Complaint as raising a Fourteenth Amendment deliberate indifference to medical needs claim against Defendants.[2] (*See id.* at 5-7.)

According to the Complaint, Plaintiff suffers from chronic obstructive pulmonary disease ("COPD") and has been dependent on a corticosteroid, Prednisone, to manage his symptoms. (*Id.* at 5.) Plaintiff has received three to five rounds of oral steroids in the past year. (*Id.*) Plaintiff submits that Prednisone can cause damage to the body, so "the doctor at Middlesex County Detention Center needed to find [him] an alternative medication." (*Id.* at 6.) On December 27, 2024, Plaintiff was hospitalized for an asthma exacerbation, and the hospital pulmonologist informed Plaintiff that the "enzyme[] levels in [his] heart are elevating and putting [him] at risk of having a heart attack or stroke." (*Id.*) Plaintiff was referred to another pulmonologist, who prescribed the medication, Dupixent. (*Id.*) Defendant NaphCare denied the medication due to the cost. (*Id.*) Plaintiff was given an alternative medication that resulted in side effects. (*Id.*) In May 2025, Plaintiff returned to the pulmonologist, who again prescribed Dupixent. (*Id.*) Plaintiff was again denied the prescribed medication due to cost. (*Id.*) On June 16, 2025, Plaintiff was given Contributor, an alternative medication, which does not cause side effects but does not improve his symptoms. (*Id.* at 7.) Plaintiff seeks monetary damages. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is

---

[2] Claims by pretrial detainees for failure to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]" *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. <u>DISCUSSION</u>

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 because Defendants violated his Fourteenth Amendment right to medical care. (*See generally* ECF

No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) a violation of one of his rights secured by the Constitution or laws of the United States; and (2) that a person acting under color of state law caused or committed the violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Cranton and NaphCare.

### A. Failure to State a Claim

#### 1. Supervisory Liability Claim

Plaintiff alleges that Defendant Cranton, as Warden of Middlesex County Detention Center, is liable to Plaintiff. (*See* ECF No. 1.) Although Plaintiff names Defendant Cranton as a defendant, the Complaint raises no factual allegations against Defendant Cranton. (*See generally* ECF No. 1.)

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the

plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff fails to state a plausible claim for relief for deliberate indifference to Plaintiff's medical needs against Defendant Cranton as a supervisor. The Complaint contains no factual allegations against Defendant Cranton. Specifically, Plaintiff fails to allege facts to show that Defendant Cranton had any direct involvement in the harm alleged or that the alleged denial of medical care was the result of a policy or procedure. Plaintiff thus fails to provide any allegations as to Defendant Cranton's supervisory liability, and said claim must be dismissed without prejudice for failure to state a claim. *See Iqbal*, 556 U.S. at 678.

### 2. *Monell*[3] Claim against NaphCare

Plaintiff claims Defendant NaphCare's refusal to provide him with a prescribed medication is based on a non-medical reason. (ECF No. 1 at 5-7.) The Court construes the Complaint as bringing a *Monell* claim against Defendant NaphCare.

A private or government healthcare provider, like NaphCare, cannot be held liable under Section 1983 for the unconstitutional acts of its employees under a theory of *respondeat superior*. *See Natale*, 318 F.3d at 583–84. Rather, a healthcare provider is subject to liability under Section 1983 only if it "had a policy or custom that caused [the] deprivation of a constitutional right." *Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013) (c*iting Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693–694 (1978)); *see also Perry v. Well-Path*, No. 20-2542, 2021 WL 229398, at *4 (E.D. Pa. Jan. 22, 2021) ("[T]o hold a private health care company like Well-Path liable for a constitutional violation under § 1983, a prisoner must allege the provider had a relevant policy [ ] or custom, and that the policy caused the constitutional violation [he] allege[s].") (internal quotation marks omitted).

Plaintiff has not alleged that NaphCare had a policy or custom that caused the alleged violation of his constitutional rights. *See, e.g.*, *Butler v. CFG Health Servs. Inc.*, No. 21-13354, 2022 WL 138085, at *3 (D.N.J. Jan. 12, 2022) ("[T]o hold CFG Health Services liable for his injuries, Plaintiff must provide facts showing that this entity had a relevant policy or custom, and that policy violated his constitutional rights. Here, Plaintiff provides no facts to suggest that there is a relevant policy or custom or that the policy or custom caused any constitutional violations.") The Complaint fails to plead any facts regarding NaphCare's policies or customs. Accordingly, the deliberate indifference claim against NaphCare will be dismissed without prejudice.

---

[3] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693–694 (1978)).

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Court will provide Plaintiff with thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: November 4, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge